UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MUSTAFA AWAD,

    Plaintiff,

vs.                                                                                            1:25-cv-00190-DLM-KRS

LIBERTY ENERGY INC.,

    Defendant.

## ORDER TO AMEND COMPLAINT

THIS MATTER is before the Court *sua sponte* following its review of the Complaint filed by Plaintiff on February 24, 2025. (Doc. 1). Plaintiff filed this action in federal court, citing diversity jurisdiction. (*Id.* ¶ 3). "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Having considered Plaintiff's Complaint, the applicable law, and being otherwise fully advised in the premises, the Court concludes that the Complaint fails to allege the necessary facts to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a)(1), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States." "To establish diversity among the parties the plaintiff must allege that all defendants are citizens of a different state than the plaintiff." *Mikelson v. Conrad*, 839 Fed. Appx. 275, 277 (10th Cir. 2021) (citing *Grynberg v. Kinder Morgan Energy Ptrs.*, 805 F.3d 901, 905 (10th Cir. 2015)). "Typically, a plaintiff satisfies this requirement by

providing 'a short and plain statement of the grounds for the court's jurisdiction' in the complaint." *Id.* (quoting Fed. R. Civ. P. 8(a)(1)).

**Plaintiff's Citizenship**

The Complaint alleges that "Plaintiff is a citizen and resident of the State of Minnesota." (Doc. 1 ¶ 1). This allegation does not sufficiently identify Plaintiff's citizenship. For diversity-jurisdiction purposes, citizenship is determined by a person's domicile, and a person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit. *See Middleton v. Stephenson,* 749 F.3d 1197, 1200 (10th Cir. 2014). "[A]n allegation that a party ... is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court." *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (quoting *Whitelock v. Leatherman*, 460 F.2d 507, 514 n. 14 (10th Cir. 1972)); *see also Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("[T]he allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Simon v. Taylor,* 455 Fed. Appx. 444, 446 (5th Cir. 2011) (per curiam) ("[A]n allegation that the parties are 'residents' of particular states is insufficient to provide the court with diversity jurisdiction."); *Kantrow v. Celebrity Cruises Inc.,* 533 F. Supp. 3d 1203, 1215 (S.D. Fla. 2021) ("Because Plaintiffs alleged their state of residency and not their state of citizenship, they have failed to properly plead their citizenship for purposes of diversity jurisdiction." (citing additional cases)).[1]

---

[1] Some courts have held that, in the removal context, a defendant can rely on the plaintiff's allegation of his own residence in a state court complaint in asserting federal diversity jurisdiction because residence is prima facie evidence of domicile. *See, e.g., Lee v. BMW of N. Am., LLC,* No. SACV 19-01722 JVS (ADSx), 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019); *but compare Whelan v. Wesley Apart. Homes, LLC*, 376 F. Supp. 3d 1312, 1319 (N.D. Ga. 2019).(holding that a plaintiff's allegation of residency in a state court complaint was not sufficient to alert a defendant that the case was removeable because "residency is not synonymous with—or sufficient to

The allegation of residence in place of domicile may seem like a mere technicality but the distinction is important.[2] Furthermore, delay in requiring Plaintiff to clarify the matter would "only compound[ ] the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed." *Lowe v. Travelers Home & Marine Ins. Co.*, No. 19-CV-00983-PAB, 2019 WL 1615070, at *1 (D. Colo. Apr. 15, 2019). Since residence is not the equivalent of citizenship, Plaintiff's allegation that he is a resident of Minnesota is not a sufficient allegation of his citizenship.

**<u>Defendant's Citizenship</u>**

The complaint alleges that "Defendant Liberty Energy Inc. is a foreign corporation doing business in the State of New Mexico." (Doc. 1 ¶ 2). This allegation is insufficient in two respects. First, the Complaint alleges that Defendant is a foreign corporation but does not allege where it maintains its principal place of business. *See Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) ("For diversity purposes, a corporation is 'deemed to be a citizen of both the state where it is incorporated and the state where it has its principal place of business.'" (quoting 28 U.S.C. § 1332(c)(1)); *see, e.g., Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.,* 706 F.2d 633, 637 (5th Cir. 1983) (stating that it was "beyond dispute" that "a complaint properly asserting diversity jurisdiction must state both the state of incorporation *and* the principal place of business of each corporate party" (emphasis in original)); *Sturgill v. Forest River, Inc*., No. 1:22-CV-3605-JPB, 2023 WL

---

establish—citizenship"). This case law is inapposite to the issue here, however, because, unlike in the removal context, a plaintiff who files a complaint in federal court obviously has personal knowledge of his own citizenship.

[2] *See Simon,* 455 Fed. Appx. at 446 n. 2 ("It is important to distinguish between citizenship and residency, because a 'citizen of one state may reside for a term of years in another state, of which he is not a citizen; for, citizenship is clearly not co-extensive with inhabitancy.'" (quoting *Bingham v. Cabot*, 3 U.S. (Dall.) 382,1 L. Ed. 646 (1798)).

3224350, at *4 (N.D. Ga. May 2, 2023) (rejecting defendants' argument that "they did not need to 'split out where they were incorporated or where they operated because they were the same'"); *Depositors Ins. Co. v. Evan-Talan Homes, Inc*., No. 22-1217-JAR-KGG, 2022 WL 6727398, at *1 (D. Kan. Oct. 11, 2022) ("If they are corporations, the Complaint must … indicat[e] both its principal place of business and its place of incorporation").

Second, the Complaint merely alleges that Defendant is a "foreign corporation" without alleging its state of incorporation. Plaintiff must *identify* the foreign state in which Defendant is incorporated and in which it maintains its principal place of business. *See Simmons v. Rosenberg,* 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (stating that "[d]iversity must be alleged with detail and certainty," and that merely averring that a party is a citizen of a state other than New York is insufficient); *Depositors Ins. Co*., 2022 WL 6727398, at *1 (rejecting allegation that corporate party did not have its principal place of business in Kansas as insufficient for the court to determine the validity of the claimed diversity).

"The party seeking the exercise of jurisdiction in his favor must allege in his pleading "*the facts* essential to show jurisdiction." *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1013–14 (10th Cir. 2018) (emphasis added) (internal quotation marks omitted) (quoting *Penteco Corp. v. Union Gas Sys., Inc*., 929 F.2d 1519, 1521 (10th Cir. 1991) (quoting *McNutt v. Gen. Motors Acceptance Corp*., 298 U.S. 178, 189 (1936))). However, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653; *see Jacobs v. Patent Enforcement Fund, Inc*., 230 F.3d 565, 568 n. 3 (2d Cir. 2000) ("[A]n inadequate pleading of diversity does not in itself constitute an actual defect of federal jurisdiction.").

4

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff must amend his Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **March 14, 2025**.

IT IS FURTHER ORDERED that if such an amended complaint is not filed by March 14, 2025, the Court may recommend that this action be dismissed without prejudice.

IT IS SO ORDERED this 3rd day of March, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE