## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MUSTAFA AWAD,<br><br>     *Plaintiff*,<br><br>v.<br><br>LIBERTY ENERGY INC.,<br><br>     *Defendant*. | Civil Action No.  1:25-cv-00190-SMD-KRS |

## STIPULATED CONFIDENTIALITY ORDER

Currently before the Court is the Joint Motion For Entry Of Stipulated Confidentiality Order, filed by Plaintiff Mustafa Awad and Defendant Liberty Energy Inc. (Doc. 43). Finding good cause and noting the agreement of the Parties, the Court grants the Motion and enters the parties Stipulated Confidentiality Order, with slight modifications, as follows:

To expedite the exchange of discovery in this case, Plaintiff and Defendant (collectively "the Parties") will ensure that certain documents or information identified under the terms of this Order will be treated as confidential and subject to the terms set forth herein. The Parties agree that:

1.     Documents or information alleged by a party to be "Confidential" shall only include documents or information the designating party, in good faith, alleges constitute trade secrets as defined by either NMSA 1978, Section 57-3A-2 (2024) or 18 U.S.C. Section 1839 (2016), and medical records deemed confidential under state or federal law. No document or information shall be designated "Confidential" if such document or information is in the public domain (i.e. public

filings, marketing materials, etc.) at the time of disclosure or subsequent to production becomes available in the public domain through means other than a violation of this Order.

2.      The Parties may designate confidential documents or information provided in response to written discovery requests. The documents or information claimed to be confidential subject to this Order will be stamped with the word "CONFIDENTIAL" on each page.

3.      Review of confidential documents or information shall not waive the assertion of alleged confidentiality of the documents or information or objections to production.

4.      The unintentional or *in camera* disclosure of a confidential document or information shall not be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

5.      Each Party shall have a good faith basis for claiming confidentiality so as not to assert confidentiality absent a reasonable basis for doing so pursuant to this Order.

6.      If, after review of the documents or information marked "CONFIDENTIAL," any Party believes that the documents or information should not be considered confidential, the following procedure will be followed:

      a.    Within 45 days of being notified of a claim of confidentiality, the disputing Party will provide a written challenge to the designating Party as to any documents or information (or portions thereof) as to which it disputes confidentiality.

      b.    Within 30 days of receipt of a written challenge, the designating Party will either agree to de-designate the documents or information as confidential or file a motion with the Court justifying the claim of confidentiality. Documents submitted to the Court in connection with such a motion shall  not be attached to the filed motion but instead shall be submitted to Chambers (sweazeaproposedtext@nmd.uscourts.gov) for in camera review by the Court. Such motion shall be governed by the Federal Rules of Civil Procedure.  Failure to file a motion with the Court for

confidentiality of the documents or information will constitute a waiver and act as a de-designation of confidentiality.

c.   For any document or information that the Court determines to not warrant confidentiality or that a designating Party de-designates as confidential, the designating Party will produce clean copies (i.e., with no "confidentiality" markings), within 10 days of the Court's ruling unless the designating Party appeals the Court's ruling.

d.   Should the Court approve interlocutory appeal of documents or information for which it overturns confidentiality, the documents or information will continue to be treated as confidential until such appeal is resolved.

e.   Should a party belatedly identify a document or information as confidential after inadvertently disclosing it without the confidentiality designation and the Parties agree on its confidential status, the Parties will act in good faith to maintain confidentiality going forward to the extent possible, given the belated claim of confidentiality. If the parties cannot agree on its confidential status, paragraph b, above shall apply.

7.    All persons subject to this Order must maintain the confidentiality associated with the documents or information designated as confidential and comply with all applicable laws in connection with the disclosure of documents or information designated as confidential in this litigation. It is understood that dissemination of confidential documents or information will include the following persons who will be informed of the terms of this Order, be bound by the confidentiality obligations hereof, and agree not to disclose the documents or information to third parties:

a.   Parties to this litigation;

b.   Employees, partners, shareholders, and members of the law firms representing the Parties;

c.   Claims representatives, insurance adjusters, and other insurance representatives of the Parties;

3

d.      Consultants and expert witnesses of the Parties to this litigation;

e.      Copy and imaging services used by the parties to copy documents, which are not to remain in the possession of the copy services;

f.      Court reporters and videographers retained in this litigation;

g.      Mediators, including staff, employees, and/or associates who assist in the handling, preparing, and mediation of this litigation;

h.      The Court and the Court's staff; and

i.      Witnesses, including at depositions taken in this matter.

8.      Any confidential document or information produced in this litigation may be used only in this litigation and shall not be used for any business, commercial, or other purpose.

9.      Nothing contained herein shall be construed to limit any producing Party or person from using its own Confidential documents or information in any manner that it may choose.

10.     Pages of transcribed deposition testimony or exhibits to depositions that contain claimed confidential documents or information may not be disclosed to anyone except as permitted under this Order. With respect to any deposition that involves the disclosure of confidential documents or information of a Party, any Party may give notice of confidentiality, and the testimony and/or exhibits shall be designated as confidential per this Order. In addition, any Party shall have 14 days after receipt of the deposition transcript to inform all Parties that the portions of the transcript, including exhibits, in which the confidential documents or information is discussed will be designated as confidential. This time period may be extended by mutual agreement of the Parties. Upon being informed that certain portions of a deposition, are to be designated as confidential, all Parties shall take reasonable steps to ensure that designated portions of the transcript are kept confidential.

11.     This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file any document, or any portion of a document, designated as Confidential Information in connection with a motion, brief or other submission to the Court must file a motion seeking leave of court to file the document under seal as provided in Paragraph 12. In general, before filing a motion for leave to seal a document filed with the Court, the parties should consider other steps to prevent the unnecessary disclosure of confidential information in court filings, such as redacting confidential information from the document to be filed.

12.     In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should identify the confidential information contained in the document, explain why the document is sealable, and indicate whether the motion for leave to file under seal is opposed or unopposed. If the party filing the document is not the designating party, the designating party

must provide a written explanation identifying the confidential information contained in the document, and stating why the designated material is sealable. The designating party's explanation may be provided to the filing party to be included with the filing party's motion to seal, or the designating party may file a separate notice with the required explanation. If the designating party's explanation is not included with the motion to file under seal, or is not filed as a separate notice within five (5) business days of the filing of the motion to file under seal, the motion to seal may be denied, in which case the filing party must file the document on the public record no earlier than four business days, and no later than ten days, after the motion to file under seal is denied.

13.     Nothing in this Order shall prohibit an interested member of the public from challenging the confidentiality of any document filed under seal with this Court. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14.     This Order shall not prevent any Confidential Material from being used by the Court or counsel at any hearing in this action, or from being offered and received into evidence at trial, provided that such use is made only in accordance with such appropriate procedures as may be approved by the Court. The parties shall confer to reach agreement regarding the procedures to be recommended to the Court.

15.     Nothing in this Order shall preclude any disclosure required by law or other Court order; provided, however, that any party receiving an order or other request for disclosure promptly provides such order or request to the disclosing party to permit the disclosing party to attempt to preserve its rights prior to disclosure.

16.     This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the Parties filed with the Court. After the conclusion of this action, the parties may bring an action to enforce this order only in a state or federal court of competent jurisdiction. This Order shall be construed in accordance with the laws of the State of New Mexico.

17.     Not later than 30 days after the conclusion of this litigation and any appeal related to it, upon written request of the designating party, any confidential information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any persons specified in paragraph 7 shall be returned to the producing party or destroyed, except as this court may otherwise order to the extent such information has been used as evidence at any trial or hearing.  Persons subject to this provision defined in paragraph 7 shall submit, in writing, confirmation that all material specified in this provision has been returned or destroyed. Upon termination of this litigation, including any appeals relating thereto, the Parties will maintain the confidentiality of confidential documents or information until the documents or information are destroyed in accordance with this Order. Confidential documents or information will not be revived, reproduced, regenerated or retrieved after deletion or destruction of the confidential documents or information.

18.     Once the Court enters this Order, any person who thereafter becomes a party to the above-captioned lawsuit shall be considered a Party hereunder and shall be bound by all of its terms and conditions (including those dealing with the handling and use of confidential documents or information received by that person). Any Party providing claimed confidential documents or information may require such a person to agree in writing to the terms of this Order before the

claimed confidential documents or information are provided to such a person, but the failure to

obtain such an agreement shall not be a basis for such person's non-compliance with this Order.

19.     This Order is entered based on the representations and agreements of the parties

and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a

judicial determination that any document or material designated Confidential Information by

counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil

Procedure or otherwise until such time as the Court may rule on a specific document or issue.

20.     The terms of this Order are subject to modification, extension, or limitation as

agreed to by all parties in writing, provided that all parties join in, and the Court approves, such

modification, extension, or limitation.

IT IS SO ORDERED this 23rd day of September, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

Submitted by:


**PRIEST & MILLER, LLP**

*/s/ Mark W. Allen*
Ada B. Priest
Mark W. Allen
6100 Uptown Boulevard, NE, Suite 620
Albuquerque, New Mexico 87110
505-349-2300
Ada@PriestMillerLaw.com
Mark@PriestMillerLaw.com
*Attorneys for Defendant Liberty Energy, Inc.*


**WEEMS HAZEN LAW**
Dathan L. Weems
106 Wellesley Dr SE
Albuquerque, NM 87106
Phone: (505) 247-4700
dathan@weemshazenlaw.com
*Attorney for Plaintiff*

**DOYLE DENNIS AVERY LLP**

*Approved via email 9/16/2025*
Michael Patrick Doyle
Texas Bar No. 06095650
*Pro Hac Vice*
Patrick M. Dennis
Texas Bar No. 24045777
*Pro Hac Vice*
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: 713.571.1146
Fax:  713.571.1148
service@doylelawfirm.com
*Attorney for Plaintiff*